IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, a Delaware Corporation,<br><br>Plaintiff<br><br>v.<br><br>3V, INC., a Delaware Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. 06-672<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO COMPLAINT AND COUNTERCLAIM

COMES NOW the Defendant, 3V, Inc. ("3V"), by counsel, and for its Answer to the Complaint filed by Plaintiff, CIBA Specialty Chemicals Corporation ("CIBA"), hereby answers each numbered paragraph of the Complaint with respectively numbered paragraphs as follows:

## FIRST DEFENSE
## JURISDICTION

This Court is without jurisdiction to hear the Complaint filed by CIBA under 35 U.S.C. Section 291 inasmuch as no interference-in-fact exists with respect to some or all of the claims and the patents alleged in the Complaint (CIBA's U.S. Patent 6,380,286 ("the '286 patent") and 3V's U.S. Patent 5,658,973 ("the '973 patent")) does not claim the same or substantially the same subject matter in identical or similar form.

## SECOND DEFENSE
## STATUTORY REQUIREMENT

Upon information and belief, the '286 patent owner did not claim the same or substantially the same subject matter as that claimed in the '973 patent within the one year period required by 35 U.S.C. § 135(b)(1).

## THIRD DEFENSE
## PRIORITY

3V's '973 patent has priority over CIBA's '286 patent.

## FOURTH DEFENSE
## INVALIDITY

The '286 Patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, 35 U.S.C. §§ 101, 102, 103 and 112.

## FIFTH DEFENSE

Defendant answers the numbered allegations of the Complaint in this action as follows:

1. Admitted.

2. Denied.

3. Admitted.

4. Upon information and belief, admitted.

5. Admitted, except denied as to the allegation of 899 Woodstock Street..

6. Admitted.

7. Upon information and belief, admitted as to all averments except denied as to European Application No. 95810042 filed January 23, 1995.

8. Denied.

## COUNT I

9. Defendant incorporates by reference its hereinbefore and hereinafter responses to paragraphs 1 through 8, inclusive, of this Complaint, as if fully set forth herein.

10. Defendant admits that the Complaint is purportedly filed pursuant to 35 U.S.C. § 291, but otherwise denies the averments of this paragraph of the Complaint.

11. That Defendant denies all averments in the Prayer for relief and denies all averments not heretobefore specifically admitted.

WHEREFORE, 3V seeks the following relief:

a. That the Court enter an order dismissing some or all claims of this action for lack of jurisdiction inasmuch as no interference-in-fact exists with respect to some or all of the claims;

b. That the Court declare that 3V's '973 patent has priority over CIBA's '286 patent;

c. That the Court enter an order declaring that the '286 patent is invalid, unenforceable or void;

d. That all costs of this action, including 3V's reasonable attorney's fees, be assessed against CIBA;

e. That this Court award such other relief as it deems just and appropriate.

## COUNTERCLAIMS

For its Counterclaims against CIBA, 3V states as follows:

1. CIBA has filed a Complaint against 3V alleging this Court has jurisdiction under, among other sections, 35 U.S.C. § 291. In the event this Court determines it has jurisdiction under 35 U.S.C. § 291 to hear this matter, to which 3V has objected and continues to object, then 3V asserts jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

3

The Parties

3. Defendant/Counter-Plaintiff 3V, is a Delaware corporation having a principal place of business at 888 Woodstock Street, Georgetown, South Carolina. 3V, Inc. is the assignee of all right, title and interest in U.S. Patent 5,658,973 (the " '973 Patent"), involved in the aforesaid interference. The '973 Patent names Giuseppe Raspanti of Bergamo, Italy, as inventor.

4. Upon information and belief, Defendant CIBA Specialty Chemicals Corporation ("CIBA") is a corporation of the State of Delaware having a principal place of business located at 540 White Plains Road, Tarrytown, New York. CIBA may be served with process at the offices of its registered agent for service of process in Delaware, the Corporation Service Company, 2711 Centerville Road, Wilmington, DE 19808.

5. Upon information and belief, CIBA is the assignee of all right, title and interest to the invention relating to "Synergistic Stabilizer Mixture" which is disclosed and claimed in U.S. Patent 6,380,286 ("the '286 patent"). The application for the '286 patent was filed March 24, 1999 and issued on April 30, 2002. The '286 patent issued from U.S. Application No. 09/275,859 (the "'859 Application"). The '286 patent claims the benefit of U.S. Application Serial No. 08/858,191, filed April 21, 1977; U.S. Application Serial No. 08/588,164, filed January 18, 1996; and erroneously European Application EP 95810042, filed January 23, 1995. The '286 patent names Francois Gugumus as inventor.

6. 3V contends that the '286 patent is invalid, unenforceable or void under the provisions of Title 35 of the United States Code.

**COUNT I**

7. 3V repeats and realleges the allegations contained in paragraphs 1 through 6 of this Counterclaim as if fully set forth herein.

8.  The claims of the '286 patent are invalid under the provisions of Title 35, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

WHEREFORE, 3V seeks the following relief against CIBA:

a.  In the event this Court finds jurisdiction under 35 U.S.C. § 291, that the Court enter an order declaring that the '286 patent is invalid, unenforceable or void;

b.  Alternatively, that 3V's '973 patent has priority over CIBA's '286 patent;

c.  That all costs of this action, including 3V's reasonable attorney's fees, be assessed against CIBA;

d.  That this Court award such other relief as it deems just and appropriate.

Dated:  November 21, 2006                STEVENS & LEE, P.C.


By:  */s/ Joseph Grey*
Joseph Grey (ID 2358)
1105 North Market Street, Seventh Floor
Wilmington, DE  19801
Telephone:  (302) 654-5180
Telecopier:  (302) 654-5181
E-Mail: jg@stevenslee.com


Raymond C. Stewart
Quentin R. Corrie
Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road
Suite 100 East
Falls Church, VA 22040-0747
(703) 205-8000

*Counsel for the Cross-Defendant 3V, Inc.*

CERTIFICATE OF SERVICE

I, Joseph Grey, hereby certify that, on this 21st day of November, 2006, and in addition to the service provided by the Court's MC/ECF system, I caused true and correct copies of the foregoing Answer to Complaint and Counterclaim to be served on the Plaintiff by first class, United States mail, postage prepaid and addressed to Plaintiff's counsel as follows:

>Chad M. Shandler, Esquire
>Richards Layton & Finger
>One Rodney Square, 10th Floor
>P.O. Box 551
>Wilmington, DE  19899
>
>Alan E.J. Branigan, Esquire
>Brion Heaney, Esquire
>Michael Culver, Esquire
>Millen White Zelano & Branigan, P.C.
>2200 Clarendon Boulevard
>Suite 1400
>Arlington, VA  22201

>*/s/ Joseph Grey*
>Joseph Grey