IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| 3V, INC., a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | C.A. No. 06-00593-JJF |
| v. | ) | |
| | ) | |
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Cross-Plaintiff | ) | |
| | ) | C.A. No. 06-00629-JJF |
| v. | ) | |
| | ) | |
| 3V, INC., a Delaware Corporation, | ) | |
| | ) | |
| Cross-Defendant. | ) | |
| | ) | |
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | C.A. No. 06-672-JJF |
| v. | ) | |
| | ) | |
| 3V, INC., a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STIPULATION AND ORDER OF CONFIDENTIALITY**

IT IS HEREBY STIPULATED AND AGREED, pursuant to Federal Rules of

Civil Procedure 26(c),  by and through the undersigned attorneys for 3V, Inc.,  and CIBA

Specialty Chemicals Corporation, as follows:

1.    As used herein, "Confidential Matter" shall mean any confidential business or confidential financial information contained in documents, deposition testimony and exhibits, interrogatory answers, responses to requests for admission, and any other written, recorded, transcribed, or graphic matter produced by any party or obtained by any party during discovery in this litigation, and any copies, summaries, digests, synopses, or abstracts thereof. Any party requesting Confidential Matter from a non-party shall provide a copy of this Stipulation and Order of Confidentiality to that non-party along with the request.

2.    This Stipulation and Order pertains only to material obtained in connection with this action and does not limit the use or disclosure of material which has been obtained by any party from any other source including, without limitation, material which (a) is, or becomes, public knowledge due to circumstances that do not include a violation of the terms of this Order; (b) is acquired by the nondesignating party from a third party which lawfully possesses such material and which may lawfully disclose such material; or (c) was lawfully possessed by the nondesignating party prior to commencement of this litigation.

3.    Any party may designate as "CONFIDENTIAL" any Confidential Matter which that party reasonably and in good faith believes is confidential and which it would not normally reveal to others or would cause others to maintain in confidence  In addition, any party may designate as "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" any material which could be designated as Confidential and which either (a) the producing party believes in good faith could be used by the receiving party to compete with the producing party or (b) the producing party believes in good faith is so sensitive that it should not be seen by any business person.

4.    All documents to be hereinafter produced in discovery proceedings that

2

are stamped or described by the producing party as "CONFIDENTIAL" shall be subject to the restrictions contained in paragraph 6 and the following restrictions:

(a)    such documents and the information contained therein shall be used only for the purposes of pre-trial procedures (including, but not limited to, motions and briefing), trial preparation and trial subject to this Stipulation (including appeals) and not for any business or non-litigation related purpose whatsoever;

(b)    such documents shall not be given, shown, made available, discussed or otherwise communicated in any way to anyone other than:

(i)    the attorneys of record for the party or parties in this litigation to which such documents are produced, and the employees of such attorneys to whom it is necessary that the material be shown for purposes of the litigation;

(ii)    independent accountants, statisticians, economists, consultants or other independent experts (collectively referred to as "Experts") retained by the attorneys of record for such party to assist in the preparation of this matter for litigation, provided that such Experts are not current employees, agents, contractors, customers, or competitors of any party;

(iii)    such inside counsel, directors, officers, trustees, and employees of such party as are assisting in the preparation of this matter for litigation and to whom, in the opinion of the attorney in charge of the case for such party, it is necessary to the preparation of his case that such

3

material be shown;

     (iv)    the Court and its employees;

     (v)    a non-party witness prior to or during the course of his or her deposition or trial testimony; and

     (vi)    such other persons, and on such other terms and conditions, as the parties agree to in writing or as the Court, upon application, may order.

     5.    All documents to be hereinafter produced in discovery proceedings that are stamped or described by the producing party as "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" shall be subject to the restrictions contained in paragraph 6 and the following restrictions:

     (a)    Such documents and the information contained therein shall be used only for the purposes of pre-trial procedures (including, but not limited to, motions and briefing), trial preparation and trial subject to this Stipulation (including appeals) and not for any business or non-litigation related purpose whatsoever;

     (b)    Such documents shall not be given, shown, made available, discussed or otherwise communicated in any way to anyone other than:

     (i)    the attorneys of record for the party or parties in this litigation to which such documents are produced, and the employees of such attorneys to whom it is necessary that the material be shown for purposes of the litigation;

     (ii)    independent Experts retained by the attorneys of record for

4

such party to assist in the preparation of this matter for litigation, provided
that: (1) such Experts are not current employees, agents, contractors,
customers, or competitors of any party; (2) the attorneys of record for the
receiving party believe in good faith that it is necessary for the Expert to
review such materials; and (3) the attorneys of record for the producing
party are given five (5) business days notice of the identity of each such
expert in order to determine in good faith that such disclosure shall not
prejudice the producing party;

      (iii)    the Court and its employees;

      (iv)    a non-party witness prior to or during the course of his or
her deposition or trial testimony; and

      (v)    such other persons, and on such other terms and conditions,
as the parties agree to in writing or as the Court, upon application, may
order.

      (c)    Should a party contend that any condition set forth in Section
5(b)(ii) is not satisfied, that contention shall be resolved by this Court in this
action prior to any disclosure of the material to an Expert. If any party provides
notice of the identity of a proposed Expert to a producing party and if said
producing party does not object in writing within five (5) business days of such
disclosure, then any disclosures of Confidential material from the producing party
to such Expert shall be deemed to not prejudice the producing party

      6.    Each person referred to in paragraph 4(b)(v), 4(b)(vi), 5(b)(iv) or 5(b)(v)
shall agree to be bound by the terms of this Stipulation and, prior to viewing or discussion of the

5

Confidential Matter, shall consent to execute an agreement in the form annexed hereto as Exhibit A. The attorneys for the party to whom documentary production or other discovery is made in this action shall maintain a file of such written agreements and such file shall be made available for in camera review by the Court on reasonable notice by the attorney for a producing party to the attorneys maintaining such file.

    7. All briefs, pleadings or other filings with the Court which incorporate or disclose Confidential Matters shall be filed under seal (labeled on the cover page "Confidential-Filed Under Seal"), and any copies thereof shall be held in confidence as provided in this Stipulation. Public versions of all documents filed under seal shall be filed in accordance with the Court's procedures. All documents filed under seal shall be kept so until the Court orders otherwise. When Confidential Matter is incorporated in a transcript of a deposition, hearing, trial or other proceeding, any party claiming confidentiality shall arrange with the court reporter to bind the confidential portions of such transcript separately and to label such portion of the transcript as "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY," and any copies thereof shall be held in confidence as provided in this Stipulation. Any party to this action producing Confidential Matter during or in connection with a deposition may, on the record of the deposition prior or subsequent to the testimony, or by written notice to counsel for all parties to this action not later than fifteen days after receipt of the deposition transcript, designate all or portions thereof as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" under the terms of this Stipulation and Order of Confidentiality. Prior to the expiration of the fifteen day period, all transcripts and Confidential Matter contained herein, unless previously designated, will be deemed to be "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" in their entirety under the terms of this Stipulation and Order of

Confidentiality   After the fifteen day period, only those portions of the transcript of the

deposition designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES

ONLY" shall be so treated, except that all copies of the deposition transcripts that contain

Confidential Matter shall be prominently marked "CONFIDENTIAL" or "CONFIDENTIAL –

FOR ATTORNEYS' EYES ONLY" on the cover thereof.

        8.     Each party reserves the right to redesignate as "CONFIDENTIAL" or

"CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" any document that it produces, or has

already produced or any information subject to the restrictions of paragraphs 4 and 5; provided,

however, that such redesignation shall be only effective as of the date of such redesignation.

        9.     The failure to designate information or documents as "CONFIDENTIAL"

or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" in accordance with this Order and

the failure to object to such a designation shall not preclude a party at a later time from

subsequently designating or objecting to designation of such information or documents as

"CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY."

Except as otherwise provided herein, no receiving party shall be under any obligation of

confidentiality until a designation is made   In addition, no receiving party shall be under any

obligation to object to any designation of confidentiality at any time such designation is made, or

at any time thereafter.  No party shall, by failure to object, be found to have acquiesced or agreed

to such designation or be barred from objecting to such designation at any time thereafter.  If a

producing party subsequent to producing Confidential Matter which should have been designated

as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" in

accordance with the provisions of this Order, believes that such documents have been

misdesignated, that party shall notify the other party in writing within ten (10) calendar days of

7

the discovery of the misdesignation, and shall request that the designation be corrected. Once a receiving party has received notice of the inadvertent failure to designate pursuant to this provision, the receiving party shall treat such Confidential Matter at the newly designated level pursuant to the terms of this Order of Confidentiality.

          10.    This Stipulation is without prejudice to the right of any party to consent, subject to any limitations it may impose, to disclosure of its Confidential Matter to any other person

          11.    When Confidential Matter will likely be presented, quoted or referred to in any deposition, hearing, trial, or other proceeding, the party claiming confidentiality shall have the right to make arrangements to insure that only the persons who, in accordance with paragraphs 4 and 5 herein would be permitted access to said Confidential Matter, are present during said presentation, quotation, or reference.

          12.    For documents produced and sent to the opposing party, any objections to a party's designation of Confidential Matter will occur as follows:

          (a)    The receiving party may at any time object to the designation of Confidential Matter. Should the parties be unable informally to resolve such objection, then the receiving party shall make a motion on notice to all parties to this action

          (b)    The producing party shall have the burden of demonstrating that the confidential designation was proper under the terms of this Stipulation. Any discovery material that has been designated confidential shall be treated as confidential until such time as the Court orders that such material should not be treated as confidential.

8

13.     For documents that are made available for inspection by the opposing party, any objections to a party's designation of Confidential Matter will occur as follows:

(c)     The receiving party may at any time object to the designation of Confidential Matter. Should the parties be unable informally to resolve such objection, then the receiving party shall make a motion on notice to all parties to this action

(d)     The producing party shall have the burden of demonstrating that the confidential designation was proper under the terms of this Stipulation.

(e)     Any discovery material that has been designated confidential and for which such designation has not been waived shall be treated as confidential until such time as the Court orders that such material should not be treated as confidential.

(f)     The producing party shall physically separate documents designated as "CONFIDENTIAL -- FOR ATTORNEY'S EYES ONLY" from those documents designated as "CONFIDENTIAL" in such a way that the documents in each category may be inspected on-site by the requesting party.

(g)     The producing party shall notify the attorneys for the other party when the documents have been separated in accordance with subparagraph (d) so that the inspecting party may arrange to inspect and copy the documents.

14.     If "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" Matter if disclosed to anyone other than those authorized by this Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such

9

disclosure to the attention of the Producing Party and make every effort to retrieve the disclosed Information and prevent further disclosure.

15.    The inadvertent production of any materials or information subject to the attorney-client privilege or the attorney work-product privilege will not waive the attorney client privilege or the attorney work-product privilege. Upon a request from a party which has inadvertently produced materials or information which it believes should be subject to the attorney-client or attorney work-product privilege, each party receiving such materials or information shall immediately return it and all copies to the Producing Party. Nothing herein shall prevent the receiving party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently disclosed documents and such other information as is reasonably necessary to identify the documents and describe their nature to the Court in any motion to compel production of such documents.

16.    At the conclusion of the above-entitled litigation, all originals, copies, summaries, digests, synopses, and abstracts of any documents subject to this Stipulation shall be given to the producing attorneys of record on request and shall not be retained by the receiving attorneys or their clients; all notes or other records of the receiving attorneys or party concerning, referring, incorporating, or in any way relating to Confidential Matter supplied by the producing party shall be destroyed and a certificate of such destruction shall be provided to the producing attorneys. Counsel for the parties shall also destroy any Confidential Matter contained in any papers that were filed with the Court under seal pursuant to paragraph 7 of this Stipulation (by use as a trial exhibit, inclusion in a Court filing, inclusion in the record on any appeal or otherwise), and any copies thereof, and shall attempt to seek the return of such Confidential Matter filed with the Court, which if returned, shall also be destroyed in accordance with this

10

paragraph. The provisions of this Stipulation insofar as they restrict the communication and use of the documents produced hereunder shall, without written permission of the producing party or Stipulation, continue to be binding after the conclusion of this matter.

        17.    Producing or receiving materials or otherwise complying with the terms of his Stipulation and protective Order shall not:

        a    Operate as an admission by any party to this action that any particular Confidential Matter contains or reflects trade secrets, proprietary or commercially sensitive information, or other confidential matter; or

        b.    Prejudice in any other way the rights of any party to this action to object to the production of documents or other discovery material it considers not subject to discovery; or

        c.    Prejudice in any way the rights of any party to this action to object to the authenticity or admissibility into evidence of any document, testimony or evidence subject to this Stipulation and Protective Order; or

        d.    Prejudice in any way the rights of a party to this action to seek determination by this Court:

        (i)    whether particular Confidential Matter should be produced; or

        (ii)    if produced, whether such Confidential Matter should be subject to terms of this Stipulation and Protective Order; or

        e.    Prejudice in any way the rights of a party to apply to this Court for a further protective order relating to any Confidential Matter;

        f    Prevent the parties to this Stipulation and Protective Order from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential Matter; or

11

        g.      Prevent or otherwise restrict any litigation attorney herein from rendering litigation advice to his/her client, and in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" information; provided, however, that in rendering such advice and in otherwise communicating with his/her client, the attorney shall not disclose the contents or the source of any such designated information.

        18.     In the event that one or more parties are added or substituted into this action, this Order shall be binding on and shall inure to the benefit of such new parties, subject to the right of such new parties (other than a subsidiary of a party who is already bound by this Order) to seek relief from or modification of this Order. Said parties who join or are added or substituted into this action shall not have access to Confidential Matter until the newly joined party or its counsel have executed, and filed with the Court its agreement to be bound by, this Stipulation and Order of Confidentiality.

        19.     The attorneys of record for each of the parties shall retain the original, executed Agreement Concerning Material Covered by the Stipulation of Confidentiality (in the form of Exhibit A hereto) which have been executed by that party's witnesses, translators, experts, employee, investigators, consultants and advisors.

        20.     This Court shall retain jurisdiction to modify the terms of this Order, or to enter further Orders respecting confidentiality, as may be necessary.

        21.     Within forty-five (45) days after the final disposition of this action, including all appeals therefrom, all documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," all copies of documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," and all

12

excerpts therefrom in the possession, custody or control of the parties other than the producing party shall be destroyed or retuned to counsel for the producing party. Counsel for the receiving party shall provide written assurance to counsel for the producing party as to the return or destruction. Notwithstanding the provisions for return or destruction of documents designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," outside counsel may retain one copy of all pleadings (including accompanying exhibits) that contain "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" documents for archival purposes.

22    In the event that anyone violates or threatens to violate the terms of this Order, the parties agree that the aggrieved party may apply immediately to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law.

23.    All persons who have access to "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" Confidential Matter agree to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Stipulation and Order of Confidentiality.

24.    This Stipulation shall remain in force and effect and shall not be modified, superseded, or terminated except by express written consent of the parties.

Dated: June 29, 2007                    **STEVENS & LEE, P.C.**

By: */s/ Joseph Grey*
Joseph Grey (ID 2358)
1105 North Market Street, Seventh Floor
13

Wilmington, DE 19801
(302) 654-5180
E-Mail: jg@stevenslee.com

Raymond C. Stewart
Quentin R. Corrie
Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road
Suite 100 East
Falls Church, VA 22040-0747
(703) 205-8000

*Counsel for 3V, Inc.*

**RICHARDS, LAYTON & FINGER, P.A.**

By: */s/ Chad M. Shandler*
Frederick L. Cottrell III (ID 2555)
Chad M. Shandler (ID 3796)
One Rodney Square, 10th Floor
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
E-Mail: Cottrell@rlf.com
        Shandler@rlf.com

Alan E.J. Branigan
Brion Heaney
Michael Culver
Millen White Zelano & Branigan, P.C.
2200 Clarendon Boulevard
Suite 1400
Arlington, VA 22201
(703) 312-5305
*Counsel for CIBA Specialty Chemicals Corporation*

IT IS SO ORDERED this ___3___ day of _____July_____, 2007

_____
United States District Court Judge

14

ATTACHMENT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| 3V, INC., a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | C.A. No. 06-00593-JJF |
| v. | ) | |
| | ) | |
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Cross-Plaintiff | ) | |
| | ) | C.A. No. 06-00629-JJF |
| v. | ) | |
| | ) | |
| 3V, INC., a Delaware Corporation, | ) | |
| | ) | |
| Cross-Defendant. | ) | |
| | ) | |
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | C.A. No. 06-672-JJF |
| v. | ) | |
| | ) | |
| 3V, INC., a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## Agreement Concerning Material Covered by the
## Stipulation of Confidentiality Dated [Date]

The undersigned hereby acknowledges having read the Stipulation of Confidentiality,

dated [Date], in the above-entitled action, understands the terms thereof, and agrees to be bound

by that Stipulation of Confidentiality and by such other Orders as may be made by the Court respecting discovery of "Confidential Matter."

The undersigned further agrees that any disputes arising out of or relating to the Stipulation of Confidentiality, or breach thereof, shall be resolved in the United States District Court for the District of Delaware and consents to submit to the jurisdiction of that court

_____    _____
Date                                          Signature