IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 3V, INC., a Delaware Corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>CIBA SPECIALTY CHEMICALS CORPORATION, a Delaware Corporation,<br><br>        Defendant. | C.A. No. 06-00593-JJF |
| CIBA SPECIALTY CHEMICALS CORPORATION, a Delaware Corporation<br><br>        Cross-Plaintiff,<br><br>  v.<br><br>3V, INC., a Delaware Corporation,<br><br>        Cross-Defendant. | C.A. No. 06-00629-JJF |
| CIBA SPECIALTY CHEMICALS CORPORATION, a Delaware Corporation<br><br>        Plaintiff,<br><br>  v.<br><br>3V, INC., a Delaware Corporation,<br><br>        Defendant. | C.A. No. 06-00672-JJF |

REPLY OF 3V, INC. IN FURTHER SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

3V, Inc. ("3V") hereby replies to the Response in Opposition filed by CIBA Specialty Chemicals Corporation ("CIBA") to 3V's Motion to Dismiss for Lack of Subject Matter Jurisdiction ("CIBA's Response"), and states as follows:

SL1 811824v1/101873.00001

**INTRODUCTION**

1.  CIBA's Response boldly asserts that the Motion to Dismiss "ignores" the claims which CIBA posed in its Counterclaim and Cross Complaint. Nothing could be further from the truth. In fact, the various claims which CIBA has brought in these cases were all described in the Motion to Dismiss. As noted in the Motion, and specifically denied nowhere in CIBA's Response, the claims raised by CIBA in its Counterclaim, Cross-Complaint and its Complaint all arise from the July 26, 2006 decision of the Board of Patent Appeals. Having disclaimed all interest in the '973 patent, 3V no longer has any interest in the issues relating to the Board's decision, and thus no standing to litigate these issues before this Court.

2.  The Motion to Dismiss showed, with citation to a number of persuasive and even controlling authorities, that 3V's disclaimer rendered these proceedings moot and that the two exceptions to the mootness were not applicable to these proceedings. CIBA's Response does not address any of these authorities and simply complains that (a) the '973 patent may be used against CIBA in the future (CIBA's Response at par. 4) and (b) dismissal will deprive CIBA of its right to appeal the Board's decision (CIBA's Response at par. 6). In this regard, CIBA has simply missed (or chosen to ignore) the point of the disclaimer. While, in theory, some party may one day try to use the Board's July 27, 2006 decision against CIBA, 3V is forever precluded from doing so for the reasons explained in the Motion. Moreover, although CIBA may lose out on the chance to appeal this decision, *it doesn't need to appeal the decision any longer*. The '973 patent has been disclaimed and it cannot be cited against CIBA as an interfering patent or anything more than prior art in the public domain. As a matter of law, the theoretical possibility that some unknown party may one day somehow try to use this '973 patent against CIBA is simply not the stuff of which this Court's jurisdiction is made.

3.       CIBA also argues that this Court should retain jurisdiction over these cases because CIBA may seek sanctions against 3V.  Significantly, CIBA has not filed a motion seeking sanctions nor has CIBA even alleged it has grounds to seek sanctions.  CIBA has filed a motion seeking discovery from 3V in a blatant attempt to "go fishing" for something that might support a plea for sanctions.  3V believes that CIBA's attempt to seek this discovery is improper; however a discussion of all the defects in CIBA's motion is beyond the scope of this Reply.  For now, it suffices for 3V to say that a possible claim for sanctions does not present a "case or controversy" sufficient for this Court to entertain jurisdiction.  Accordingly, CIBA's Response is unpersuasive and the Motion to Dismiss should be granted.

**DISCUSSION**

4.       CIBA has agreed that the issues of priority of invention and invalidity of 3V's 5,658,973 patent ("the '973 patent") are moot in view of the disclaimer that was filed by 3V.  However, CIBA contends that the Counterclaim in Civil Action No. 06-00593-JJF and Cross-Complaint giving rise Civil Action No. 06-00629-JJF remain viable and should not be dismissed.[1]  Nevertheless, there is no reasoned basis for the Court to distinguish between various claims presented by CIBA, as they are basically different sides of the same coin.

5.       The Counterclaim presents, in essence, a cross appeal from the Board's July 27, 2006 decision.  Specifically, it seeks a ruling that the Board erred in finding that certain of CIBA's claims (identified as claims 16 through 27) were unpatentable because they were anticipated by 3V's '973 patent. (Counterclaim, par. 20.)  CIBA's Cross-Complaint specifically states that it seeks review of the same Board decision. (Cross-Complaint, par. 1.)  Thus, whether one looks at the Complaint filed by 3V, or the Counterclaim or Cross-Complaint filed by CIBA,

---

[1] CIBA did not address a second complaint that it filed on October 31, 2006 giving rise to a third pending action, Civil Action No. 06-672.  Since the single count of this action alleged invalidity of the '973 patent, it must be assumed that CIBA agrees that this action is also moot and must be dismissed.

3

the issues all boil down to a dispute over the patentability and priority of CIBA's claims 16 through 27 in patent application '291 over 3V's '973 patent. Now that 3V has disclaimed its rights in the '973 patent, these issues are all moot.

6.   The filing of 3V's disclaimer terminated the immediate controversy between CIBA, as a patent applicant, and 3V, as the owner of an interfering patent. Having terminated all rights in the patent as if the patent had expired, 3V no longer has any interests adverse to CIBA appropriate for litigation or the jurisdiction of this Court. CIBA has failed to show anything of legal significance requiring 3V to remain in this fight. Moreover, CIBA has failed to cite any authority whatsoever stating that this Court is the proper forum for resolution its remaining matters.

**7**.   3V has already shown that disclaiming the '973 patent, which dedicated all of 3V's rights in the patent to the public, did away with the controversy and, therefore, any justiciable case between CIBA and 3V. Justiciability requires existence of a controversy between a plaintiff with standing to sue and a defendant who asserts an interest adverse to the plaintiff. 32 Am. Jur.2d Federal Courts, Adverse Interests, § 596 (2nd Ed.), citing *Johnson v. Interstate Transit Lines*, 163 F.2d 125 (C.C.A. 10th Cir. 1991). Such adversity requirement ensures that parties before the court are motivated to present the merits of all sides of the issue, thereby facilitating the court's efforts to reach the correct results. Id., citing *Anderson v. U.S.*, 344 F.3d 1343 (Fed.Cir. 2003).

8.   3V's request for dismissal of CIBA's Counterclaim and Cross-Complaint was based on the disclaimer. That filing removed all of 3V's interests in this litigation, the adversity between 3V and CIBA and the justiciable case and controversy required for this Court's

jurisdiction.  It was not the "mere disclaimer" that is the basis for 3V's request but rather the more complex ramifications of the disclaimer which form the basis for dismissal.

9. Having given up all rights to the '973 patent 3V no longer has any interests adverse to 3V in this matter.  This Court lacks subject matter jurisdiction because "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them."  *DeFunis v. Odegaard*, 416 U.S. 312, 317 (1974). Without any viable patent remaining to give 3V rights in the patent that was cited as interfering to CIBA's claims 16 through 27 of the '291 patent application, 3V has nothing left to protect or to motivate any further participation in any litigation concerning CIBA's claims.  At this point, the invention disclosed by 3V in the '973 patent can only be equivalent to other prior art in the public domain that might be cited by the USPTO against CIBA's '291 application.

10. Even if the USPTO does continue to use the invention against claims 16-27 of CIBA's '291 application, as CIBA speculates it might, 3V has no interests remaining in the invention to protect.  The source of 3V's adversity to CIBA in the above-captioned cases has been removed, so 3V has no stake in the controversy.  If a controversy exists at all -- and that point is debatable -- the controversy is between CIBA and the USPTO.  While CIBA may still bear a burden to prove that its '291 application is patentable, without the '973 patent, 3V no longer has an interest in CIBA's controversy.

11. CIBA does not explain how any of 3V's electronic documents may be of legal significance to its entitlement to priority based on CIBA's own European application.  The '973 patent never had anything to do with CIBA's arguments regarding priority.  CIBA's argument turns upon CIBA's ability to prove that its European application did include an enabling

5

disclosure describing a compound having the structure of the composition described in the '973 patent. 3V's internal information is irrelevant to this inquiry.

12. It is the job of the USPTO, not the federal courts, to issue patent applications. It would not be appropriate for this Court to stand in the place of the USPTO in this case which no longer involves an adverse third party. The disclaimer filed by 3V removed the controversy between the parties and the jurisdiction of this Court since "a federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'" *Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 398 F.Supp.2d 470, 475-476 (E.D.Va. 2005), citing *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). Additionally, "[i]t is not the role of federal courts to directly supervise the functions of the patent office by rendering advisory opinions as to the correctness of patent awards." *Bioxy, Inc. v. Birko Corp.,* 935 F.Supp. 737, 741 (E.D.N.C.1996). Clearly, the remaining conflict is within the jurisdiction of the USPTO and not this Court.

13. Finally, since the actions at issue have not yet been dismissed, CIBA has prematurely indicated that it might move for costs and attorney's fees and inappropriately included mention of that fact in its Response. CIBA's allegations of exceptionality of this case are irrelevant to the basis for 3V's Motion to Dismiss. No decision by this Court in the pending actions, which focus on patentability and priority, would be of legal significance to determining whether the case may be "exceptional" under 35 U.S.C. § 285. As CIBA alleges, establishment of exceptionality turns on an examination of the conduct of parties during litigation and has nothing to do with the merits of the underlying litigation. As such, it is not timely or appropriate to address any potential motion for costs and/or attorney's fees.

## CONCLUSION

14.     3V maintains that there no longer exists any adverse controversy or justiciable case for the assertion of this Court's subject matter jurisdiction.  Any remaining controversy regarding the '291 application now exists solely between CIBA and the USPTO.  Without 3V having any rights to be protected in the pending actions, this Court must recognize that it does not have the power to decide the questions that CIBA has raised in the pending actions.  For these reasons, 3V again respectfully requests that this Court grant its Motion and dismiss these cases.

Dated:  April 21, 2008                              **STEVENS & LEE, P.C.**

Joseph Grey (I.D. No. 2358)
1105 North Market Street, Seventh Floor
Wilmington, DE  19801
Telephone:  (302) 654-5180
Telecopier:  (302) 654-5181
jg@stevenslee.com.

**NEXSEN PRUET, LLC**
Angelica M. Colwell (Fed. I.D. No. 9689)
PO Box 486
205 King Street, Ste. 400
Charleston, South Carolina, 29402
Telephone:  (843) 577-9440
Telecopier:  (843) 720-1777
acolwell@nexsenpruet.com

*Attorneys for Plaintiff 3V, Inc.*

# CERTIFICATE OF SERVICE

I, Joseph Grey, hereby certify that, on this 21st day of April 2008, and in addition to the service provided by the Court's CM/ECF system, I caused true and correct copies of the foregoing Reply to be served on counsel for CIBA Specialty Chemicals Corporation by first class, United States mail, postage prepaid and addressed as follows:

>Chad M. Shandler, Esquire
>Richards Layton & Finger
>One Rodney Square, 10th Floor
>P.O. Box 551
>Wilmington, DE  19899
>
>Alan E.J. Branigan, Esquire
>Millen White Zelano & Branigan, P.C.
>2200 Clarendon Boulevard
>Suite 1400
>Arlington, VA  22201

>_/s/ Joseph Grey_
>Joseph Grey